**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KASAEM BERNARD TOOMER, :<br>:<br>Petitioner, :<br>:<br>VS. :<br>:     1:23-CV-119 (LAG)<br>Warden ROBERT ADAMS, JR., :<br>:<br>Respondent. :<br>: | |

# ORDER

*Motion to Intervene (Doc. 11)*

On October 17, 2023, the Commissioner of the Georgia Department of Corrections filed a Motion seeking to intervene as a Respondent in this case. (Doc. 11). The Commissioner explains that Jenkins Correctional Facility, where Petitioner is housed, is a private prison operated by a corporation with which the Georgia Department of Corrections has contracted. (Doc. 11 at 2). Under Rule 24 of the Federal Rules of Civil Procedure, the Court may permit a state governmental officer to intervene if a party's claim is based on a statute or an agreement made under the statute. Fed. R. Civ. P. 24(b)(2).

The Commissioner represents that the warden of Jenkins Correctional Facility is not a state employee. (Doc. 11-1 at 1). Under Georgia law, the Commissioner is the chief administrative officer of the Georgia Department of Corrections. O.C.G.A. § 42-2-6. Thus, the Commissioner is the proper Respondent in this action. *Perry v. Danforth*, No. CV423-044, 2023 WL 5303687 at *1 (S.D. Ga. Aug. 17, 2023) ("[T]he warden of a private prison is an employee of the corporation running the prison, not a state employee…[T]he proper respondent was the Commissioner of the Department of Corrections as the officer in charge of Georgia's penal institutions.") (citations and

punctuation omitted). Accordingly, Commissioner Oliver's Motion to Intervene is **GRANTED** (Doc. 11), and the clerk is **DIRECTED** to list Tyrone Oliver as a Respondent in this action.

*Motion to Dismiss (Doc. 13)*

Respondent also filed a Motion to Dismiss on October 17, 2023, asserting that Petitioner failed to timely file his Petition. (Doc. 13). Petitioner is directed to respond to Respondent's Motion to Dismiss pursuant to the dictates of the following notice:

Since Petitioner is proceeding *pro se*, the Court deems it appropriate and necessary to advise him of his right to respond to said Motion and of the consequences which he may suffer if he fails to file a response.

Petitioner is advised that:

(1) a MOTION TO DISMISS has been filed by Respondent;

(2) Petitioner has the right to oppose the granting of said Motion; and

(3) if Petitioner fails to oppose said Motion, his Petition may be dismissed.

Petitioner is further advised that under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. The Court considers the pleadings and briefs filed by the parties in deciding whether dismissal is appropriate under the law.

**FAILURE OF THE PETITIONER TO RESPOND TO THE MOTION TO DISMISS MAY RESULT IN THE GRANTING OF SAID MOTION.** Upon the recommendation of the magistrate judge, the district judge could then grant the Motion to Dismiss. <u>In that event, there would be no trial or further proceedings</u>.

Accordingly, Petitioner is ORDERED AND DIRECTED to file a response to said MOTION TO DISMISS **WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER.** Thereafter, the Court will consider the Motion and any opposition to same filed by Petitioner.

**SO ORDERED**, this 18th day of October, 2023.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE